**LOWENSTEIN SANDLER PC**
BRUCE BUECHLER (BB 0324)
65 Livingston Avenue
Roseland, NJ  07068
973-597-2500 phone
973-597-2400 fax

- and -

**STROOCK & STROOCK & LAVAN LLP**
LAWRENCE ROSENTHAL
MATTHEW W. SIEGAL
180 Maiden Lane
New York, NY  10038
212-806-5400 phone
212-806-6006 fax
Attorneys for FUJIFILM Corporation

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: : | Case No. 09-33687 (RTL) |
| : | |
| JAZZ PRODUCTS, LLC, : | Chapter 11 |
| f/d/b/a RIBI TECH PRODUCTS, LLC, : | |
| : | |
| Debtor. : | |
| : | |

**MOTION OF FUJIFILM CORPORATION FOR AN ORDER PURSUANT TO 11 U.S.C. § 105(a) AND D.N.J. LBR 1073-1(e) TRANSFERRING THIS CASE FROM THE TRENTON VICINAGE TO THE NEWARK VICINAGE OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY AND <u>REASSIGNING IT TO THE HONORABLE MORRIS STERN, U.S.B.J.</u>**

FUJIFILM Corporation ("<u>FUJIFILM</u>"), a creditor of the debtor ("<u>Debtor</u>") in the above-captioned Chapter 11 case, by and through its undersigned attorneys, hereby submits this motion (the "<u>Motion</u>") for entry of an order pursuant to 11 U.S.C. § 105(a) and D.N.J. LBR 1073-1(e) transferring this case from the Trenton Vicinage to the Newark Vicinage of the United States Bankruptcy Court for the District of New Jersey and reassigning it to the Honorable

Morris Stern, U.S.B.J., and respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are 11 U.S.C. § 105(a) and D.N.J. LBR 1073-1(e).

## BACKGROUND

3. On September 8, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") pursuant to Chapter 11 of Title 11 of the United States Code, 11. U.S.C. § 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (this "Court").

4. In its Petition, the Debtor did not disclose the existence of any affiliates with pending bankruptcy cases.

5. This case has been assigned to the Honorable Raymond T. Lyons, Jr., U.S.B.J.

6. No trustee, examiner or creditors' committee has been appointed in this case.

7. The Debtor is engaged in the wholesale sale of digital cameras and related merchandise. As part of its business operations, the Debtor has manufactured and/or imported from China and has sold and may continue to sell, among other products, lens fitted film packages (LFFPs), otherwise known as "single use" or "disposable" cameras (hereinafter, the "Disposable Cameras").

8. The day to day operations of the Debtor are directly managed and controlled by its Manager and CEO, Jack C. Benun ("Mr. Benun"), and owned 50% by Mr. Benun's wife and 50% by his four children. See Debtor's Application for Expedited Consideration of First Day Matters [Docket No. 7].

9. The Debtor's operations have historically been financed through an accounts receivable factoring agreement with Rosenthal & Rosenthal, Inc. ("Rosenthal & Rosenthal").

10. The Debtor and Mr. Benun have engaged in willful infringement of FUJIFILM's patents relating to the manufacture of Disposable Cameras, resulting in a judgment of the United States District Court for the District of New Jersey against the Debtor and Mr. Benun in the amount of $3.7 million in favor of FUJIFILM that precipitated the filing of this case. See Final Order and Judgment entered by the District Court in Case No. 05-1863 (KSH), dated July 22, 2009, a copy of which is annexed hereto as Exhibit A. Further, the District Court found the Debtor and Mr. Benun in contempt of court for failure to comply with a prior preliminary injunction order of the District Court. Id. at ¶ 12 and 13.

11. Jazz Photo Corp. ("Jazz Photo"), which was directly managed and controlled by Mr. Benun on a day to day basis, owned by members of Mr. Benun's family, engaged in virtually the same business as the Debtor, and which likewise obtained its financing from Rosenthal & Rosenthal, previously filed a Chapter 11 case in this District on May 20, 2003 (the "Jazz Photo Chapter 11"). The Jazz Photo Chapter 11 remains open and is currently pending before the Honorable Morris Stern, U.S.B.J., bearing case no. 03-26565 (MS).

12. Like the Debtor, Jazz Photo and Mr. Benun engaged in willful infringement of FUJIFILM's patents relating to the manufacture of Disposable Cameras,

-3-

resulting in a judgment of the United States District Court for the District of New Jersey against Jazz Photo and Mr. Benun for nearly $30 million that precipitated the filing of the Jazz Photo Chapter 11.  See Final Order and Judgment entered by the District Court in Case No. 99-2937 (FSH), dated March 13, 2003, a copy of which is annexed hereto as Exhibit B.

13. As a result of FUJIFILM's $30 million judgment against him individually, Mr. Benun filed a Chapter 11 case (which was subsequently converted to Chapter 7) in this District on July 2, 2003 (the "Benun Bankruptcy Case").

14. The Benun Bankruptcy Case, like the Jazz Photo Chapter 11, remains open and is currently pending before the Honorable Morris Stern, U.S.B.J., bearing case no. 03-32195 (MS).  On February 29, 2008, Judge Stern issued an Opinion and Order determining the liability of Mr. Benun to FUJIFILM and further finding Mr. Benun's debt to FUJIFILM non-dischargeable in the amount of $4,186,955, a portion of which was compromised with the trustee in the Benun Bankruptcy Case.  Fuji Photo Film Co. v. Benun, 386 B.R. 59 (Bankr. D.N.J 2008). In addition Judge Stern awarded FUJIFILM interest through February 29, 2008 on the remaining balance in the amount of $1,702,764 [Adv. Pro. No. 03-02615; Docket No. 304].

**RELIEF REQUESTED**

15. By this Motion, FUJIFILM seeks entry of an order, pursuant to 11 U.S.C. § 105(a) and D.N.J. LBR 1073-1(e) transferring this case from the Trenton Vicinage to the Newark Vicinage of the United States Bankruptcy Court for the District of New Jersey and reassigning it to the Honorable Morris Stern, U.S.B.J.

**BASIS FOR RELIEF**

16. Section 105(a) of the Bankruptcy Code provides that the Court may issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code.  D.N.J.

-4-

LBR 1073-1(e), this Court's local rule governing assignment of bankruptcy cases in this District, provides, in relevant part, as follows:

> An application to transfer a case from one judge to another, or from one vicinage to another, shall be made to the judge to whom the case has been assigned.

D.N.J. LBR 1073-1(e).

17. Although counsel was unable to find any decisions establishing a standard to be used by a court in deciding an application pursuant to D.N.J. LBR 1073-1(e), or pursuant to a similar local rule in another jurisdiction, an analogy can be made to a motion to transfer venue of a bankruptcy case from one district to another pursuant to 28 U.S.C. § 1412.

18. Pursuant to 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.[1] Section 1412 is worded in the disjunctive, allowing a case to be transferred under *either* the interest of justice rationale or the convenience of parties rationale. In re Enron Corp., 317 B.R. 629, 637 (Bankr. S.D.N.Y. 2004). The "interest of justice" component is a broad and flexible standard which must be applied on a case-by-case basis. In re Manville Forest Prod. Corp., 896 F. 2d 1384, 1391 (2d. Cir. 1990). "It contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness-factors." Id. The decision to transfer the venue of a case is within the broad discretion of the court. Larimi Ltd. v. Yes! Entm't Corp., 244 B.R. 56, 61 (D.N.J. 2000); In re Hechinger Inv. Co. of Delaware, Inc., 296 B.R. 323, 325 (Bankr. D.Del. 2003); In re Reliance Group Holdings, Inc., 273 B.R. 374, 406

---

[1] Although Section 1412 refers to a "district court", a bankruptcy court may exercise the district court's power to transfer venue due to the district court's referral of the case to the bankruptcy court pursuant to 28 U.S.C. § 157(a). See, e.g., In re Enron, 284 B.R. 376, 386 (Bankr. S.D.N.Y. 2002).

(E.D. Pa. 2002).

19. FUJIFILM respectfully submits that consistent with the interest of justice, and particularly the interests of administrative efficiency and judicial economy, this case should be transferred to Judge Stern. Based on his experience in overseeing the Jazz Photo Chapter 11, the Benun Bankruptcy Case, and the non-dischargeability proceeding against Mr. Benun, Judge Stern is fully familiar with the history of Jazz Photo's and Mr. Benun's infringement of FUJIFILM's patents and the resulting litigation. The facts underlying this case are substantially similar to the facts underlying the Jazz Photo Chapter 11 and the Benun Bankruptcy Case. All of these bankruptcy cases resulted from the various debtors' infringement of FUJIFILM patents for the same Disposable Cameras, the same or substantially the same business operations, the same principals and the same financing entity, Rosenthal & Rosenthal (which funded Jazz Photo's operations). Even the Debtor's principal supplier, Joyfame, is controlled by an individual, Jesse Szeto, who is a long time associate of Mr. Benun and who has testified before Judge Stern. FUJIFILM respectfully submits that the Debtor's Chapter 11 case will be administered more efficiently by a judge familiar with all of these matters, persons and the history of litigation between the parties.

20. The transfer and reassignment of this case to Judge Stern will promote judicial economy and efficiency and will not result in any prejudice to the Debtor or any other party in interest. Assignment of this case to Judge Stern will not delay this case or the other related cases, and Judge Stern's handling of this case is likely to result in a substantial saving of judicial time and effort. In addition, FUJIFILM timely raised this matter with the Court and Debtor's counsel at the first day hearing in this case held on September 10, 2009 and filed this Motion shortly thereafter.

21.     FUJIFILM notes that the Debtor failed to disclose on page 2 of its Petition the pending bankruptcy cases of its affiliates, Jazz Photo and Mr. Benun.  Jazz Photo is an affiliate of the Debtor, as that term is defined in Section 101(2) of the Bankruptcy Code, by virtue of it being controlled by Mr. Benun, who also controls the Debtor herein.  Mr. Benun also constitutes an affiliate of the Debtor under Section 101(2) of the Bankruptcy Code by virtue of his control of the Debtor.  Had the Debtor disclosed its relationship with Jazz Photo and Mr. Benun on its Petition as required, this case would, most likely, have been assigned to Judge Stern in the first instance.[2]

22.     In conclusion, this case involves substantially the same parties, the same factual issues, and the same underlying occurrences as the Jazz Photo Chapter 11 and the Benun Bankruptcy Case.  Accordingly, FUJIFILM respectfully requests that this case be transferred and reassigned to Judge Stern.

**NO PRIOR REQUEST**

23.     No previous request for the relief sought herein has been made to this or any other Court.

---

[2] As noted in the Instructions for Completing Official Form 1, Voluntary Petition, "[i]nformation about any pending bankruptcy cases related to the debtor's case signals the clerk to assign the case to the judge to whom any related case has been assigned."

WHEREFORE, FUJIFILM respectfully requests that the Court (a) enter an order in substantially the form submitted herewith pursuant to 11 U.S.C. § 105(a) and D.N.J. LBR 1073-1(e) transferring this case from the Trenton Vicinage to the Newark Vicinage of the United States Bankruptcy Court for the District of New Jersey and reassigning it to the Honorable Morris Stern, U.S.B.J., and (b) grant FUJIFILM such other and further relief as the Court may deem just and proper.

Dated: September 21, 2009

> LOWENSTEIN SANDLER PC
>
> By: */s/ Bruce Buechler*
> Bruce Buechler, Esq.
> 65 Livingston Avenue
> Roseland, New Jersey  07068
> (973) 597-2500 (Telephone)
> (973) 597-2400 (Facsimile)
>
> - and -
>
> STROOCK & STROOCK & LAVAN LLP
> Lawrence Rosenthal, Esq.
> Matthew W. Siegal, Esq.
> 180 Maiden Lane
> New York, New York 10038
> (212) 806-5400 (Telephone)
> (212) 806-6006 (Facsimile)
> Attorneys for FUJIFILM Corporation